OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents the question whether defendant’s motion for an order authorizing him to call at trial expert witnesses in three discrete areas, developmental psychiatry, photography, and parental alienation syndrome (PAS), should be granted. For the reasons which follow, the motion should be denied in all respects.
Introduction
Defendant stands accused of one count of an attempt to commit the crime of possession of a sexual performance by a child (Penal Law §§ 110.00, 263.16), a class A misdemeanor. The People allege the following: (1) that while on vacation in Florida in August 1999, defendant asked his two daughters, who were then 7 and 5 years old, to pose for photographs which defendant shot; (2) that defendant later went to a Genovese Drug Store in Queens County and presented a roll of film for developing; (3) that when Genovese developed the film, it found, among other photographs, one depicting two naked female children on a bed, each bending down with her face in a pillow, and with her anus and vagina up, facing the camera; and (4) that Genovese deemed the photographs to be such as might subject *392 it to criminal liability, notified defendant that it declined to develop the negatives for him, and gave them to a police officer, resulting in defendant’s subsequent arrest.
In reply to an unsuccessful motion by the People for an order pursuant to CPL 65.20 declaring defendant’s two daughters vulnerable witnesses, thereby authorizing them to testify at trial by live, two-way closed circuit television, defendant filed a cross motion seeking permission to call at trial experts in the above three disciplines.[1] The People oppose the motion.
The Legal Analysis
■ Before turning to the trial relevance of testimony from the three proposed experts, it is useful to review the object statute here at issue. Penal Law § 263.16 defines the crime of possessing a sexual performance by a child as follows: “A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.” Penal Law § 263.00 defines the following pertinent terms used in Penal Law § 263.16:[2]
“1. ‘Sexual performance’ means any performance or part thereof which includes sexual conduct by a child less than sixteen years of age * * *
“3. ‘Sexual conduct’ means actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.
“4. ‘Performance’ means any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience * * *
“6. ‘Simulated’ means the explicit depiction of any of the conduct set forth in subdivision three of this section which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals or buttocks.”
Reduced to essence, the jury in this case will be called upon to decide the ultimate question of whether the People have *393 proved beyond a reasonable doubt that defendant attempted to possess photographs of his two daughters which constitute sexual performance under the above definition. It is within that decisional context that consideration should next be given to the utility of the three proposed experts at trial.
I. The Developmental Psychiatrist:
Defendant’s Position:
Defendant states that this expert, who has neither interviewed the child complainants nor seen the photographs here at issue, would be called at trial for the purpose of testifying that “children between the ages of 4 and 7 years go through a phallic/Oedipal phase of development also called the exhibitionist phase. Children become very initiative oriented during this period of development.”[3]
The People’s Position:
The People note that defendant wants this expert to testify regarding what he terms a child’s “exhibitionist phase” and asserts that the photographs are not sexually suggestive and depict no adults or adult sexual situations. The People contend that defendant is asking that the expert be permitted to testify to the ultimate question and therefore invade the province of the finder of fact. That is, the People argue that the question whether the photographs are innocent candid shots of naked children and nothing more, on the one hand, or the memorialization of actual or simulated sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse or the lewd exhibition of genitals, on the other, is for the finder of fact alone to decide. Further, the People aver that it would be irrelevant were the children being exhibitionistic, and the expert would still be seeking to posit an opinion on the question whether the photographs violate Penal Law § 263.16.
Discussion:
As noted above, the decision of the jury in this case is a circumscribed one, centering on the application of Penal Law § 263.16 to the content of the photograph which the People contend violates that statute. Accordingly, testimony from a developmental psychiatrist that children in general between ages 4 and 7 undergo a “phallic/Oedipal phase of development *394 also called the exhibition phase” is not relevant to the issue which the jury must resolve.[4] Moreover, at the present stage of this prosecution there is no colorable basis upon which to hold that the motivation of defendant’s photographed daughters or their mother is germane to resolution of this case.
II. The Photography Expert:
Defendant’s Position:
Defendant states that the nature of the instant charges, coupled with the pictures here at issue, showing his children without clothes — although the pictures do not exhibit adult sexual situations and apparently were not taken with a zoom lens, and thus are not sexually suggestive or pornographic— may result in bias against defendant. Therefore, defendant contends that “with the aid of the photography expert the jury will be able to give a more objective evaluation of the photographs.”[5] Defendant continues that this expert, who has not seen the photographs at issue and will not be shown them by the defense, will “give his/her opinion of a general standard that is used to deem whether or not a picture of a child is considered pornographic,” and should be permitted “to render an opinion on what generally occurs or what someone will generally see in pictures that have been considered child pornography.”[6]
The People’s Position:
The People argue that there is neither need nor basis to call an expert on photography, since the question of how to use a camera to take an attractive or otherwise redeeming photograph is irrelevant.
Discussion:
Defendant’s proffer regarding his photography expert does not identify testimony which should be admissible at the *395 trial of this case. Two reasons support that conclusion. First, defendant has made no showing that the concept of child pornography is one that fits within the ken of a photography expert. The latter skill does not embrace the former in the normal course. An acclaimed photographer is not necessarily schooled in subjective interpretation of the person or depiction photographed. Second, and more fundamentally, the jury in this case will not be asked to find that the photographs contain child pornography, since that term is not an element of the crime here charged. Rather, its duty will be to determine whether defendant attempted to possess any admitted photograph which qualifies as a sexual performance as defined by Penal Law § 263.00 (1), a definition which does not contain the term child pornography. Accordingly, testimony from a photography expert regarding child pornography is not relevant to this case.
III. The Parental Alienation Syndrome Expert:
Defendant’s Position:
Defendant pleads that PAS was introduced in 1985 by Richard A. Gardner, Ph D, to cover a combination of factors which have evolved in the area of child custody disputes. According to defendant, Gardner defines PAS as “a disorder that arises primarily in the context of child custody disputes. It’s [sic] primary manifestation is the child’s campaign of denigration against the parent, a campaign that has no justification. It results from a combination of a programming ‘brainwashing’ parent’s indoctrinations of the child’s own contributions to the nullification of the target parent. When true parental abuse and/or neglect is present, the child’s animosity may be justified, and so the parental alienation syndrome explanation for the child’s hostility is not applicable.”[7]
Defendant first states that if his daughters are permitted to testify by live two-way, closed circuit television, they will say “bad things” about him because of PAS.[8] Therefore, the testimony of this expert will be offered “to establish a reason why the children may fabricate or distort the truth if permitted to testify,” but “will not be offered for validation purposes, i.e., it will not conclude whether something occurred.” Instead, it “will assist the juror in evaluating the credibility of the *396 children’s testimony.”[9] Specifically, defendant avers that this expert will be called “to testify regarding the brainwashing of the children by their mother,” as defendant alleges that his estranged wife “is orchestrating this entire criminal prosecution.”[10]
Defendant concedes that PAS testimony applies in custody cases, but notes that in this case “there has been a bitter custody dispute with claims by both parents against the other.”[11] On that basis, defendant contends that PAS testimony must be admitted at this trial, and that its prohibition would violate “both the federal and state constitutions.” Defendant offers no authority in support of his position.[12]
The People’s Position:
The People note that defendant’s request to call this expert is moot since it is predicated on the premise that the children will testify by closed circuit television, a premise which no longer applies, since the People’s motion for an order permitting such testimony has been denied.
Discussion:
As the People correctly note, denial of their motion for an order permitting the child complainants to testify by closed circuit television has rendered moot defendant’s request to present expert testimony regarding PAS. Also, while defendant may be correct in pleading a history of contentious litigation between himself and the mother of his daughters regarding their custody, there is no present basis for a finding that such history is either material or relevant to the issues to be resolved at the trial of this case. The jury at that trial will not be called upon to make a custody decision. Rather, it shall consider only the limited criminal issues here engaged.
Conclusion
For the foregoing reasons, defendant’s motion for an order permitting experts retained by him in the fields of developmen *397 tal psychiatry, photography, and parental alienation syndrome to testify at trial is denied.
[Portions of opinion omitted for purposes of publication.]

. By order dated June 9, 2000, Judge Robert Raciti of this court denied the People’s motion and reserved for the trial court decision on defendant’s cross motion.

. The photographs here at issue do not depict any conduct which would qualify as either deviate sexual intercourse or sado-masochistic abuse. Accordingly, the statutory definition of either term need not be here related.

. Affirmation in opposition to People’s motion pursuant to CPL 65.20 and cross motion for relief for defendant (Affirmation), executed by Thomas F. Liotti, attorney for defendant, dated June 5, 2000, at 9, [[ 30.

. The pertinence of that observation is enhanced when the developmental psychiatrist, such as the one retained by defendant, has neither interviewed the children in question nor seen the photographs which form the gravamen of this information. It should be stressed, however, that such testimony would be extraneous to the fact-finding task in this case even absent those failings.
See Clemente v Blumenberg (183 Misc 2d 923 [Sup Ct, Richmond County 1999]) for a helpful discussion of Federal and New York State standards governing the admissibility of scientific or technical evidence.

. Affirmation, at 9, [f[f 32-33.

. Reply affirmation (Reply Affirmation), executed by Thomas F. Liotti, attorney for defendant, dated July 5, 2000, ]]]) 7-8.

. Affirmation, at 11, [| 35.

. Affirmation, at 13, f] 38.

. Affirmation, at 13, 38.

. Reply Affirmation 9.

. Affirmation, at 13, 39.

. Curiously, defendant cites to a criminal case (People v Fortin, 184 Misc 2d 10 [Nassau County Ct]) in which PAS testimony was not admitted, and then seeks to distinguish its facts from those at bar. (See, Affirmation, at 13, fl39.)